**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6533**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

MARSHA KING,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:14-cr-00065-RAJ-DEM-1; 2:17-cv-00644-RAJ)

Submitted: October 20, 2020                    Decided: October 23, 2020

Before GREGORY, Chief Judge, DIAZ, Circuit Judge, and SHEDD, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Marsha King, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marsha King seeks to appeal the district court's order denying her self-styled Fed. R. Civ. P. 60(b)(6) "Motion to Vacate the Defendant's Conviction" ("Rule 60(b)(6) motion"). King also challenges the court's orders denying King's subsequent Rule 60(b) motions to vacate the court's earlier order dismissing her 28 U.S.C. § 2255 motion and her motion to compel an Assistant United States Attorney to submit an affidavit in her case. We dismiss in part and affirm in part.

The Rule 60(b)(6) motion clearly sought to attack the validity of King's convictions and, having previously filed an unsuccessful § 2255 motion, the district court was obligated to construe this motion as a successive habeas motion for which King required this court's prefiling authorization. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (holding that a district court must treat a Rule 60(b) motion as a successive habeas motion if failing to do so would allow the applicant "to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application" (internal quotation marks omitted)). Thus, that order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). *See generally United States v. McRae*, 793 F.3d 392, 400 & n.7 (4th Cir. 2015).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or

2

wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that King has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal in part.[*]

King's subsequent Rule 60(b) motions alleged a defect in the collateral review process and, thus, were "true" Rule 60(b) motions that could be adjudicated by the district court without prior authorization from this court. *Winestock*, 340 F.3d at 206-07. But because the motions did not meet the requirements for Rule 60(b) relief, we discern no error in the court's summary rejection of the motions. We also discern no error in the court's denial of King's motion to compel. We thus affirm the remaining orders. *United States v. King*, Nos. 2:14-cr-00065-RAJ-DEM-1; 2:17-cv-00644-RAJ (E.D. Va. Feb. 19, 2020).

Based on the foregoing, we deny a certificate of appealability and dismiss this appeal in part, and affirm in part. We dispense with oral argument because the facts and

---

[*] Consistent with our decision in *Winestock*, 340 F.3d at 208, we construe King's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. Upon review, we conclude that King's claims do not meet the relevant standard. *See* 28 U.S.C. § 2255(h). We therefore deny authorization to file a successive § 2255 motion.

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*